Judgment of the County Court, Richmond County, convicting defendant of the crime of burglary in the third degree, unanimously affirmed. The jury could find that the defendant had broken and entered into the room of a nurse on the army transport docked at a pier in Richmond County, in the city of New York, with intent to commit a larceny of the personal property of said nurse. The pier was within the jurisdiction of the State of New York and the army transport docked there was on waters within the jurisdiction of this State. (United States v. Bevans, 3 Wheat. [U. S.] 336.) The power of Congress to exclude from the jurisdiction of the several States burglaries committed on vessels of the United States tied to docks in the States, does not appear to have been exercised by the provisions of the United States Code (tit. 18, Crimes and Criminal Procedure). Section 7 declares that the special maritime and territorial jurisdiction of the United States shall include any vessel belonging to the United States when such vessel is “out of the jurisdiction of any particular State.” Undoubtedly, Congress had the “ enlightened purpose ” to interfere as little as possible with the authority of States in the punishment of crime. (United States v. Press Pub. Go., 219 U. S. 1, 9.) International comity permits the application of foreign local law to crimes committed on United States vessels when the peace of the locality is disturbed by the act. *898 {United States v. Flores, 289 U. S. 137, 153.) It would seem that because of the relation of the States to the Federal Government, Congress, by limitation of Federal jurisdiction to vessels out of the jurisdiction of any State, desired not to interfere with the jurisdiction of the States of crimes that can disturb the peace of the States. In the absence of a distinct manifestation of intention to exclude the States from jurisdiction of crimes committed on vessels within the territorial jurisdiction of the States, the defendant was indictable in the county of Richmond (Penal Law, §§ 400, 404). We find no error in the admission of evidence or in the charge which warrants a reversal of the conviction. Present — Nolan, P. J., Carswell, Johnston, Sneed and MacCrate, JJ.